UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IMRE KIFOR,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>THE COMMONWEALTH OF<br>MASSACHUSETTS, et al.,<br>　　　　Defendants. | Civil Action No.<br>21-11968-IT |

**MEMORANDUM AND ORDER**

**TALWANI, D.J.**

For the reasons set forth below, the court grants Plaintiff's Motion for Leave to Proceed in Forma Pauperis [#2], denies as moot Plaintiff's Motion for Third Amended Complaint [#7] and dismisses Plaintiff's Complaint [#1] without prejudice.

**I.　Background**

　　A.　Prior Civil Action

On April 27, 2021, Kifor filed a lawsuit against the Commonwealth and the Middlesex Probate and Family Court for purported violations of his civil rights. *Kifor v. Commonwealth, et al.*, 21-10699-IT, Compl. [#1] ("*Kifor I*"). The action was dismissed on April 30, 2021, because, among other things, abstention was required under *Younger v Harris*, 401 U.S. 37 (1971). April 30, 2021 Memorandum and Order, *Kifor I* [# 9].

　　B.　Present Action

On December 6, 2021, Imre Kifor filed this action on the pre-printed form, Pro Se 15 (Complaint for Violation of Civil Rights (Non-Prisoner)), that is provided by the Administrative Office of the United States Courts. Complaint [#1]. Named as defendants are the Commonwealth

of Massachusetts, the Middlesex Probate and Family Court and the "Adm. Probate & Family Court." *Id.* at ¶ 1(B). For the basis of jurisdiction, statement of claim, injuries and relief sought, Kifor writes "Please see the attached full text of the complaint." *Id.* at ¶¶ II - V. Attached to the Complaint is Kifor's <u>Renewed Complaint for Systematic Discriminations and Civil Rights Violations</u> [#1-1] and <u>Exhibits</u> [#1-2].

Kifor recounts discriminatory and fraudulent actions that have allegedly taken place during numerous child custody and support proceedings in the Middlesex Probate and Family Court, and asserts 20 counts: (1) 42 U.S.C. § 1983: free speech and due process; (2) 42 U.S.C. § 1983: equal protection; (3) 42 U.S.C. § 1983: due process; (4) 42 U.S.C. § 1983: property taken without compensation; (5) 42 U.S.C. § 1983: prospective injunctive relief; (6) M.G.L. c. 12, § 11I: derogation by threats, intimidation and coercion; (7) 42 U.S.C. § 1985: class-based discriminatory animus behind alleged sustained conspiracy; (8) 42 U.S.C. § 2000e: discrimination against implied coerced employee based on color, sex and national origin; (9) 42 U.S.C. § 2000e: prospective injunctive relief; (10) M.G.L. c. 151B: discrimination against implied coerced employee based on color, sex and national origin; (11) M.G.L. c. 151B: associational discrimination against induced qualified handicapped person; (12) M.G.L. c. 151B: retaliation against complaints by threats, intimidation and coercion; (13) M.G.L. c. 151B: interference through discrimination by threats, intimidation and coercion; (14) M.G.L. c. 151B: aiding and abetting of discrimination by threats, intimidation and coercion; (15) M.G.L. c. 151B: prospective injunctive relief; (16) M.G.L. c. 215, § 9: violation of right to appeal; (17) M.G.L. c. 258D: erroneous convictions as further retaliation against a whistleblower; (18) systemic and long-term deliberately colluding defamation; (19) systemic and conspiring abuses of discretion;

and (20) judicial estoppel for child-predatory discrimination. Compl. [#1-1] at pp. 13-25.[1]

Kifor explains that he now brings this second lawsuit based upon "[r]ecently produced material evidence." Compl. [#1-1] at ¶ 2. Although Kifor states that the instant action is "restricted to only prospective injunctive & declaratory relief", *id.*, the relief section of the complaint includes a request for monetary damages. *Id.* at pp. 32-34 (prayer for relief). As in the prior action before this court, Kifor again seeks to have this court enjoin the enforcement of "the Family Court's orders and judgments." *Id.* at p. 27. Kifor contends that he "has suffered significant harm, extensive injuries and devastating damages as a result" of "[l]engthy (now ~70 hearings) parallel and dual action lawsuits had been initiated in collusion and then systemically prosecuted under false and openly discriminatory pretenses in Family Court." *Id.* at ¶¶ 9-10. Kifor states that "[w]hile these Family Court actions [brought against him by the two mothers of his four children] provide the context, this complaint is not about those matters, as they are now being properly appealed under 3 paired appeals, with [Kifor] having already fully briefed the Appeals Court." *Id.* at ¶ 13.

With his complaint, Kifor filed a <u>Motion for Leave to Proceed In Forma Pauperis</u> [#2] and a <u>Memorandum of Law</u> [#3].

On December 16, 2021, Kifor filed a <u>Letter</u> [#5]. Kifor's letter states, among other things, that he no longer has a permanent address and will continue to receive mail at a post office box in Acton, Massachusetts. On December 22, 2021, Kifor filed an <u>Affidavit on Further Defamation, Malicious Prosecution and Abuses of Process</u> [#6].

On December 28, 2021, Kifor filed a <u>Motion for Third Amended Complaint due to</u>

---

[1] Page number citations refer to the page numbers that the court's electronic case filing system automatically assigns.

Threatened and Imminent Silencing Jail Sentence [#7].

## II.     Motion for Leave to Proceed In Forma Pauperis

After review of Plaintiff's Motion for Leave to Proceed In Forma Pauperis [#2], the court concludes that Kifor is without assets to pay the filing fee. Plaintiff will be permitted to proceed *in forma pauperis*.

## III.    Motion for Third Amended Complaint

Although Kifor filed his Motion for Third Amended Complaint due to Threatened and Imminent Silencing Jail Sentence [#7] and related exhibits in this action, the case caption and case number are for Middlesex Superior Court Civil Action No. 2181CV00921 and appear to be directed to that state court action. The attached cover letter [7-2] indicates that these same filings were made in this court and in the Middlesex Superior Court. Accordingly, the court does not consider this pleading as a motion seeking relief from this court and denies the motion as moot.

## IV.     Screening of the Complaint

When a plaintiff files a complaint without prepayment of the filing fee, the court reviews the complaint under 28 U.S.C. § 1915 before summonses are issued. Section 1915 authorizes federal courts to dismiss a complaint *sua sponte* if the complaint fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

In conducting this review, the court liberally construes the complaint because Kifor is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

## V.      Discussion

Having carefully considered Kifor's pleadings, the court finds that the complaint is

subject to dismissal for the same reasons the earlier action was dismissed. *See* April 30, 2021 Memorandum and Order, *Kifor I*, [# 9]. In the earlier action, Kifor was advised that (1) the *Rooker-Feldman* doctrine deprives this court of jurisdiction to review final state judgments; (2) this federal court must abstain from exercising jurisdiction because the proceeding falls within a class of cases for which *Younger* abstention is required, and there is no exception that would counsel against *Younger* abstention; (3) the Commonwealth and its agencies are entitled to Eleventh Amendment immunity; (4) and the defendants are not "persons" subject to suit under 42 U.S.C. § 1983.

In addition, the complaint fails to state a federal claim upon which relief can be granted. In Counts 8 and 9, Kifor seeks to assert a claim pursuant to 42 U.S.C. § 2000e ("Title VII"). Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). It is "a vehicle through which an individual may seek recovery for employment discrimination. *Franceschi v. U.S. Dep't of Veterans Affairs*, 514 F.3d 81, 85 (1st Cir. 2008) (citation omitted). Kifor contends that he is a "coerced employee." Compl. [#1-1] at p. 17. But Kifor is not an employee of any of the defendants. "[C]ourts have limited Title VII's protections to employees only." *Lemmings v. FedEx Ground Package Sys., Inc.*, 492 F.Supp.2d 880, 887 (W.D. Tenn. 2007) (citing *Birch v. Cuyahoga Cnty. Probate Court*, 392 F.3d 151, 157 (6th Cir. 2004)). Thus, Kifor's claim for discrimination in violation of Title VII will be dismissed.

In Count 7, plaintiff asserts a conspiracy claim under Section 1985. "Section 1985 has three subsections, each of which sets forth a distinct cause of action." *Donahue v. City of Boston*, 304 F.3d 110, 122 n. 9 (1st Cir. 2002). Section 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office. Section 1985(2) pertains to


conspiracies to obstruct justice or to interfere with witnesses. Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996), quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).

Kifor has not specified under which subsection of Section 1985 he seeks to proceed. Because Kifor alleges class-based discriminatory animus, *see* Compl. [#1-1] at p. 16, the court construes his conspiracy claim against the defendants as brought pursuant to Section 1985(3). Section 1985(3) prohibits "two or more persons in any State or Territory [from] conspir[ing to] ... depriv[e] ... any person or class of persons of the equal protection of the laws." Here, the named defendants are not persons. Additionally, other than conclusory assertions, Kifor does not set out sufficient facts that suggest a conspiracy or agreement among any identified persons. Thus, Kifor's conspiracy claim under 42 U.S.C. § 1985(3) will be dismissed.

Finally, the court declines to exercise supplemental jurisdiction over Kifor's state-law claims. Under 28 U.S.C. § 1367, a "district court may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims under which it has original jurisdiction." 28 U.S.C. § 1367(c); *see Claudio-Gotay v. Becton Dickinson Caribe, Ltd.*, 375 F.3d 99, 104 (1st Cir. 2004) (citing *Rodríguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.")); *see also Zell v. Ricci*, 957 F.3d 1, 15 (1st Cir. 2020) (reaffirming the principle that it is generally an abuse of discretion for a federal district court to exercise supplemental jurisdiction over pendent state-law claims when the

anchoring federal-law claim is dismissed well in advance of trial). The court declines to exercise supplemental jurisdiction over the state law claims asserted by Kifor.

### VI.    Order

Based upon the foregoing, it is it is hereby ORDERED that

1. The Motion for Leave to Proceed in Forma Pauperis [#2] is granted.

2. The Motion for Third Amended Complaint [#7] is denied as moot.

3. The Complaint [#1] is DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii).

4. The Clerk shall enter a separate Order of Dismissal.

**So ordered.**

/s/ Indira Talwani
United States District Judge

Dated: January 3,2022